# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE BLACKMON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-02194-CLS-HNJ |
| ) | |
| **JOHNATHAN ROSS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

The Magistrate Judge filed a report on August 23, 2018, recommending that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. *See* doc. no. 16. The Magistrate Judge found that plaintiff's claims against defendant, Jonathan Ross, for actions occurring between April 20 and April 22, 2013, are barred by the applicable statute of limitations. *Id*. at 6-8. Plaintiff has filed objections to the report and recommendation. *See* doc. no. 16.

Plaintiff claims in his objections that he did not know defendant Ross's name until January 9, 2018, and that he moved to amend his complaint to name Ross as a defendant on February 14, 2018. *See* doc. no. 18, at 1.[1] This court observes,

---

[1] It should be noted that plaintiff did not file a motion to amend his complaint on or about February 14, 2018. Instead, he submitted *a letter* to the Clerk of Court on January 31, 2018, alleging that prison officials had forced him to mail his CPAP machine home when they transferred him from

however, that plaintiff named Ross as one of many defendants in his original complaint, filed on December 27, 2017. *See* doc. no. 1, at 3.

In addition, plaintiff's state criminal records show that defendant Ross submitted a sworn affidavit in the Jefferson County District Court, in support of plaintiff's arrest for murder on April 22, 2013. *See* doc. no. 3, at 1 (Aff./Warrant, *Alabama v. Blackmon*, No. 01-CC-2013-002948.00).[2] Moreover, defendant Ross testified as a witness during plaintiff's criminal trial in February 2015. *See* doc. no. 107, at 395-400 (Transcript, *Alabama v. Blackmon*, No. 01-CC-2013-002948.00); *see also* doc. no. 108 (same), at 401-404. On direct examination, Ross stated that he had interviewed plaintiff on April 20, 2013, and plaintiff did not then state that he was in any kind of medical distress, or that he had any particular health problems "that made him more vulnerable to contact with other people." Doc. no. 107, at 396 & 399

---

the Jefferson County Jail to Kilby Correctional Facility. *See* doc. no. 5, at 2. Plaintiff did not mention defendant Ross in that letter. *Id*. at 1-2. On February 14, 2018, the Magistrate Judge directed the Clerk to remove plaintiff's original letter from this action, and use the letter as a complaint to open a new case against the Alabama Department of Corrections and Kilby Correctional Facility with a new case number and assignment. *See* doc. no. 12. Thereafter, the court transferred the case to the United States District Court for the Middle District of Alabama. *See* Order, *Blackmon v. Alabama Department of Corrections*, No. 2:18-cv-00249-CLS-HNJ (N.D. Ala. Mar. 8, 2018), ECF at 6.

[2] The court may take judicial notice of plaintiff's state court criminal records. *See Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013) ("the district court was permitted to take judicial notice of Grider's state court criminal proceedings"); *see also Keith v. DeKalb County, Ga.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of DeKalb County Superior Court Online Judicial System pursuant to Fed. R. Evid. 201). Plaintiff's criminal proceedings may be found at www.alacourt.com. *See Alabama v. Blackmon*, 01-CC-2013-002948.00.

(Transcript, *Alabama v. Blackmon*, No. 01-CC-2013-002948.00). Nevertheless, Ross stated on cross examination that plaintiff may have requested medical attention when booked into the jail. *See* doc. no. 108, at 403 (Transcript, *Alabama v. Blackmon*, No. 01-CC-2013-002948.00).

Based upon the foregoing, this court concludes that plaintiff either knew, or reasonably could have discovered, Ross's identity on the date of his trial in February 2015. By that date, Ross's identity was apparent, or should have been apparent, to a person with a reasonably prudent regard for his rights. *See Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983). Even so, plaintiff did not file the present action until December 27, 2017: a date that still falls outside of the two-year statute of limitations. Accordingly, plaintiff's Fourth and Fourteenth Amendment claims against defendant Ross are barred by the statute of limitations, and are due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's report and recommendation, and the objections thereto, the Magistrate Judge's report is hereby ADOPTED, and his recommendation is ACCEPTED. This action is due to be dismissed in accordance with 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. An appropriate Final Judgment will be entered.

**DONE** this 28th day of September, 2018.

*/s/ Lynwood Smith*
United States District Judge